UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-10610 DMG (SSx)** | Date | January 8, 2020 |
| Title | *Cecilia Baumgarten v. StriVectin Operating Co., et al.* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On December 16, 2019, Defendants StriVectin Operating Company and StriVectin Holdings, LLC filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Not. of Removal at 2 [Doc. # 1]. The removal statute—28 U.S.C. § 1441(a)—is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)). Here, Plaintiff is allegedly a citizen of California, and Defendant StriVectin Operating Company alleges that it is not a citizen of California because it is a corporation organized under the laws of Delaware with a principal place of business in New York. Not. of Removal at 4.

The citizenship of Defendant StriVectin Holdings, LLC, however, is unclear. A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Notice of Removal fails to adequately plead the citizenship of Defendant StriVectin Holdings, LLC, a limited liability company, because it does not state the citizenship of all owners and/or members. In fact, the Notice of Removal appears to hint that StriVectin Holdings, LLC may be a "non-diverse party" in devoting nearly four pages to arguing that StriVectin Holdings, LLC is a "sham" defendant. Not. of Removal at 4-8. Accordingly, the Notice of Removal fails to establish that complete diversity of citizenship exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-10610 DMG (SSx)** | Date | January 8, 2020 |
|---|---|---|---|
| Title | *Cecilia Baumgarten v. StriVectin Operating Co., et al.* | Page | 2 of 2 |

In light of the foregoing, the parties are **ORDERED TO SHOW CAUSE** why this action should not be remanded to state court for lack of subject matter jurisdiction. Defendants shall file their response by no later than January 15, 2020 and Plaintiff shall file her response by January 22, 2020. **Failure to timely file a satisfactory response by these deadlines will result in the remand of this action. Each party's response, exclusive of supporting declarations, shall not exceed 10 pages.**

**IT IS SO ORDERED.**